UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                                Case No. 15-20533

v.                                                 Honorable Thomas L. Ludington

JOHN B. RIGGINS,

        Defendant.

_____/

**ORDER DENYING MOTIONS FOR JURY INSTRUCTIONS, DENYING MOTION TO AMEND AS MOOT, AND CANCELLING MOTION HEARING**

On August 26, 2015, Defendant John Riggins was indicted on one count of being a felon in possession of a firearm and one count of being a felon in possession of ammunition. *See* Indictment, ECF No. 1. Defendant has filed three motions attempting to secure various jury instructions related to the felon-in-possession charges. *See* Def.'s Mots., ECF Nos. 11, 12, & 13. First, Defendant seeks a jury instruction that requires proof of a recent nexus between the firearms he possessed and interstate commerce. Second, Defendant seeks a jury instruction that requires the jury to determine whether he possessed the firearms in question for collection or sporting purposes. Third, Defendant seeks a special jury instruction that withholds from the jury the fact that he is a convicted felon. The motions will all be denied.

**I.**

Defendant first moves for a jury instruction requiring proof of a recent nexus between the firearms he possessed and interstate commerce. He argues that the Sixth Circuit pattern jury instruction for felon in possession charges, based on *United States v. Chesney*, 86 F.3d 564 (6th Cir. 1996) is invalid under a trio of Supreme Court cases: *Jones v. United States*, 529 U.S. 848

(2000); *United States v. Morrison*, 529 U.S. 598 (2000); and *United States v. Lopez*, 514 U.S. 549 (1995). Defendant claims that Chesney was based on the Supreme Court's decision in *Scarborough v. United States*, 431 U.S. 563, 577 (1977). Scarborough held that in enacting the felon-in-possession statute "Congress sought to reach possessions broadly, with little concern for when the nexus with commerce occurred." *Id*. at 577.

The Sixth Circuit, in deciding Chesney, concluded that even in light of the Supreme Court's holding in *Lopez* the felon-in-possession statute, 18 U.S.C. § 922(g), is constitutional despite having a minimal requirement for the firearm to be associated with interstate commerce. Defendant's argument that *Lopez* renders the Sixth Circuit pattern instruction moot is without merit. The Sixth Circuit pattern instruction is based on its decision in *Chesney* which explicitly addresses the effect of *Lopez* on 18 U.S.C. § 922(g).

Defendant cites two more cases in support of his claim that Scarborough has been overturned and thus a more recent nexus instruction is required under 18 U.S.C. § 922(g). According to Defendant, *Jones v. United States* and *United States v. Morrison* both support the notion that Scarborough is invalid. These two cases do not make Defendant's argument any more compelling. The Sixth Circuit, in line with almost every other Circuit Court of Appeals, has repeatedly concluded that the nexus requirement in 18 U.S.C. § 922(g) is constitutionally valid. *See United States v. McBee*, 295 F. App'x 796, 798 (6th Cir. 2008) (compiling cases and holding that the appellant "can point to no case which calls into question the authority of either Scarborough or Chesney"). *Scarborough* has not been overruled, nor has *Chesney*. The Sixth Circuit pattern jury instruction for felon-in-possession charges is valid and Defendant is not entitled to a more specific nexus instruction. His motion will be denied.

**II.**

Next, Defendant moves for a jury instruction that would require that the jury make a factual determination concerning the purpose behind Defendant's possession of firearms. That is, Defendant wants the jury to decide, for the purposes of obtaining a six-point reduction in his United States Sentencing Guidelines calculation, whether he possessed firearms for collection or sporting purposes. Defendant claims that not allowing the jury to decide this question would violate *United States v. Booker*, 543 U.S. 220 (2005). In *Booker*, the Supreme Court repeated the constitutional principle of federal sentencing law that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Id.* at 244. The holding is eminently clear: a defendant may not receive a sentence in excess of the statutory maximum if the sentence exceeding the maximum penalty is based on facts not found by a jury.

United State Sentencing Guidelines § 2K2.1(b)(2) provides that "[i]f the defendant . . . possessed all ammunition and firearms solely for lawful sporting purposes or collection, and did not unlawfully discharge or otherwise unlawfully use such firearms or ammunition, decrease the offense level determined above to level 6." The holding of *Booker* is entirely inapposite to this provision of the guidelines. Booker concerns enhancements by sentencing judges above the maximum allowable penalty for conduct found by a jury. The § 2K2.1(b)(2) guideline allows for a reduction *from* the maximum allowable penalty for conduct found by a jury. The language of the provision—allowing for a "decrease"—is precisely the opposite of the problem that concerned the *Booker* court: enhancements. Defendant concedes as much when he states that it would be necessary to "subtract six points from his base offense level" if he possessed the weapons for collection or sporting purposes. Def.'s Br. 3, ECF No. 12.

Defendant then proceeds to argue that the Court must reduce his base offense level by six points "unless it can find beyond a reasonable doubt as determined by the jury that the Defendant did not possess the guns lawfully for collection purposes." *Id*. There is no authority for the proposition, either in the text of the Guidelines or elsewhere, that a defendant must receive the § 2K2.1(b)(2) reduction unless the Court finds beyond a reasonable doubt that the guns were possessed for a purpose other than collection or sport. The Guidelines read to the direct contrary: that the presumption is against the application of the reduction unless a finding supporting it is made. The text of the Guidelines belies Defendant's argument. Furthermore, there is directly applicable Sixth Circuit authority that explains the operation of the provision. *See United States v. Baker*, 501 F.3d 627, 629 (6th Cir. 2007) (holding that the burden of establishing entitlement to the § 2K2.1(b)(2) reduction lies with the defendant). There is also Sixth Circuit authority concluding that facts concerning a possible § 2K2.1(b)(2) reduction are appropriately found by a sentencing judge. *See United States v. Brogdon*, 503 F.3d 555, 562 (6th Cir. 2007) (holding that the sentencing judges weighing of factors at sentencing and denial of a § 2K2.1(b)(2) reduction complied with *Booker*). Defendant's motion is meritless and will be denied.

### III.

Lastly, Defendant seeks to conceal from the jury the fact of his prior felony conviction. He argues that *Old Chief v. United States*, 519 U.S. 172 (1997) permits a defendant to stipulate to a prior felony conviction and thereby conceal the fact of the conviction from the jury. He also notes that at least one judge in this district has accepted this practice but he does not cite to the cases where it was employed.

*Old Chief* does not support the relief Defendant seeks. *Old Chief* held that a defendant could stipulate to the fact of a prior felony conviction in order to keep the nature of the prior

felony from the jury. *Old Chief*, 519 U.S. at 186 (1997). In fact, the Supreme Court specifically explained that in circumstances where a defendant stipulates to the fact of a prior felony conviction the stipulation would be given to the jury as admissible evidence. *Id.* Numerous Circuit Court decisions support the conclusion that a defendant may not withhold the fact of a prior felony conviction from the jury in a felon-in-possession case. *See, e.g.*, *United States v. Daniel*, 134 F.3d 1259, 1262 (6th Cir. 1998) (noting that in absence of such language in an Old Chief stipulation, an instruction is necessary to clarify that the stipulation satisfies the predicate offense element of § 922(g)(1)); *United States v. Belk*, 346 F.3d 305, 308 (2d Cir. 2003) ("[A] district court cannot, by approving a stipulation of the parties, remove from the jury's consideration altogether the issue of defendant's prior conviction in an 18 U.S.C. § 922(g)(1) case."). Thus, there is no authority for Defendant's argument that he should be permitted to conceal the fact of his prior felony convictions from the jury. Even if in prior, unidentified cases a judge of this district allowed such a practice that is not authority for allowing it here. The law does not permit the instruction Defendant seeks. His motion will be denied.

**IV.**

After Defendant and the Government briefed his three motions, Defendant filed a motion to amend/correct his motions. The manner in which the document filed was incorrect. The document is appropriately titled as an addendum to his motions but was erroneously docketed as a motion to amend/correct. The addendum clarifies that it would be helpful if the issue of Defendant's entitlement to a jury instruction concerning a reduction under U.S.S.G. § 2K2.1(b)(2) were decided in advance of the plea cutoff. The motion will be denied as moot because it is improperly filed as a motion. To the extent it actually seeks affirmative relief, though it nowhere states that it does, it is nevertheless mooted by the present order.

**V.**

Accordingly, it is **ORDERED** that Defendant John B. Riggins's motions requesting special jury instructions, ECF Nos. 11, 12, & 13, are **DENIED**.

It is further **ORDERED** that Defendant Riggins's Motion to Amend/Correct, ECF No. 18, is **DENIED** as moot.

It is further **ORDERED** that the motion hearing scheduled for November 30, 2015 at 2:30 p.m. is **CANCELLED**.

Dated: November 20, 2015                     s/Thomas L. Ludington
                                             THOMAS L. LUDINGTON
                                             United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 20, 2015.

                     s/Michael A. Sian
                     MICHAEL A. SIAN, Case Manager

---