UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                              Case No. 15-cr-20533

v.                                              Honorable Thomas L. Ludington

JOHN B. RIGGINS,

        Defendant.

_____/

**ORDER DENYING MOTION FOR RECONSIDERATION**

Defendant has moved for reconsideration of the Court's November 20, 2015 Order, ECF No. 19, denying his motions for special jury instructions. See Def.'s Mot. Reconsid'n, ECF No. 20.

On August 26, 2015, Defendant John Riggins was indicted on one count of being a felon in possession of a firearm and one count of being a felon in possession of ammunition. *See* Indictment, ECF No. 1. Defendant filed three motions attempting to secure various jury instructions related to the felon-in-possession charges. *See* Def.'s Mots., ECF Nos. 11, 12, & 13. First, Defendant sought a jury instruction that requires proof of a recent nexus between the firearms he possessed and interstate commerce. Second, Defendant sought a jury instruction that requires the jury to determine whether he possessed the firearms in question for collection or sporting purposes. Third, Defendant sought a special jury instruction that withholds from the jury the fact that he is a convicted felon. The motions were denied.

Defendant, on the basis of a recently decided Supreme Court case, seeks reconsideration of the disposition of his first motion that sought proof of a recent nexus between the firearms he possessed and interstate commerce.

A motion for reconsideration will be granted if the moving party shows: "(1) a palpable defect, (2) the defect misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case." *Michigan Dept. of Treasury v. Michalec*, 181 F. Supp. 2d 731, 733-34 (E.D. Mich. 2002) (quoting E.D. Mich. LR 7.1(g)(3)). A "palpable defect" is "obvious, clear, unmistakable, manifest, or plain." *Id.* at 734 (citing *Marketing Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 2d 262, 278 (E.D. Mich. 1997).

Defendant does not explain in his motion for reconsideration how a Supreme Court case concerning the rule of lenity demonstrates a palpable defect of law that misled the court and the parties and the correction of which will result in a different disposition of his motion. He attempts to explain, however, how that case applies in this specific instance to the nexus requirement in the felon-in-possession-of-a-firearm statute, 18 U.S.C. § 922(g). He argues that in *Yates v. United States*, 135 S. Ct. 1074 (2015), the Supreme Court held that the rule of lenity is violated when "the government's overly broad interpretation to a criminal statute poses a significant risk [of] excessive punishment." Def.'s Mot. Reconsid'n 2, ECF No. 20. But nothing in *Yates* applies specifically to Defendant's predicament other than its broad restatement of the rule of lenity. *Yates* does nothing to change the legal landscape upon which Defendant's claims rest.

"The rule of lenity only applies if, 'after considering text, structure, history, and purpose, there remains a grievous ambiguity or uncertainty in the statute, such that the Court must simply guess as to what Congress intended.'" *United States v. Morales*, 687 F.3d 697, 701 (6th Cir.

2012) (quoting *Barber v. Thomas*, 560 U.S. 474, 488 (2010)). The Supreme Court recognized this fact in *Yates* when it addressed lenity only after exhausting all applicable textual arguments. *Yates v. United States*, 135 S. Ct. 1074, 1088, 191 L. Ed. 2d 64 (2015) ("Finally, if our recourse to traditional tools of statutory construction leaves any doubt . . ."). There is no ambiguity in the interstate nexus requirement of 18 U.S.C. § 922(g). The Supreme Court has already looked at the text of 18 U.S.C. § 922(g)'s nexus requirement and explicitly declined to apply the rule of lenity because the nexus requirement was clear: it does not require a recent nexus to interstate commerce. *Scarborough v. United States*, 431 U.S. 563, 577 (1977) ("Congress sought to reach possessions broadly, with little concern for when the nexus with commerce occurred."). Defendant now encourages the Court to read the third-line discussion of lenity in *Yates* as decidedly overruling the Supreme Court's holding in *Scarborough*, a case in which it decided lenity *did not* apply. A cursory reading of *Yates* and *Scarborough* together suggests the implausibility of this argument. Absent express direction from the Supreme Court that *Scarborough* is no longer good law, it is not for this Court to presume that an inapposite case effected the repeal of otherwise valid and controlling Supreme Court precedent.

Accordingly, it is **ORDERED** that the Defendant John B. Riggins's Motion for Reconsideration, ECF No. 20, is **DENIED**.

Dated: December 4, 2015               s/Thomas L. Ludington
                                      THOMAS L. LUDINGTON
                                      United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 4, 2015.

                    s/Michael A. Sian
                    MICHAEL A. SIAN, Case Manager