UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

                    Plaintiff,                              Case No. 15-cr-20533

v.                                                          Honorable Thomas L. Ludington

JOHN B. RIGGINS,

                    Defendant.

_____/

**OPINION AND ORDER DENYING MOTION TO SUPPRESS
AND DENYING AS MOOT MOTION TO ADJOURN TRIAL**

On August 26, 2015, Defendant John B. Riggins, Sr. was indicted on one count of being a felon in possession of a firearm and one count of being a felon in possession of ammunition. *See* Indictment, ECF No. 1. On January 6, 2016, Defendant John B. Riggins filed a motion to suppress evidence seized during a search of his residence. Def.'s Mot. Suppress, ECF No. 33. Namely, Riggins seeks to suppress guns and ammunition that are the primary evidence leading to the charges against him.  A hearing on Riggins' motion was held on February 26, 2016.

**I.**

Buena Vista Township Detective Sergeant Greg Klecker obtained a warrant on May 7, 2014 to search three properties associated with Todd Riggins, the son of Defendant John B. Riggins. The May 7, 2014 Warrant alleged that Todd Riggins was involved in recording fraudulent deeds with the Saginaw County Register of Deeds, misrepresenting ownership of the subject properties.

On May 16, 2014, Sergeant Klecker obtained a warrant to search two properties associated with Defendant John B. Riggins, Sr., Todd's father. The May 16, 2014 Warrant

detailed the father and son's fraudulent deed scheme also detailed in the May 7, 2014 Warrant. Sergeant Klecker incorporated the May 7, 2014 Warrant into the May 16, 2014 Warrant by reference and by attaching the earlier warrant to the May 16, 2014 Warrant.

The May 16, 2014 Warrant was executed on May 19, 2014. A number of firearms and associated ammunition were found at one of the properties described in the warrant and being inhabited by Defendant Riggins. Defendant Riggins was indicted for being a felon in possession of a firearm and ammunition.

## II.

Under the Fourth Amendment, "no warrant shall issue but upon probable cause, supported by oath or affirmation." U.S. Const. amend. IV. The Fourth Amendment requires that probable cause be determined by a "neutral and detached magistrate." *Johnson v. United States*, 333 U.S. 10, 14 (1948). "To demonstrate probable cause to justify the issuance of a search warrant, an affidavit must contain facts that indicate 'a fair probability that evidence of a crime will be located on the premises of the proposed search.'" *United States v. Frazier*, 423 F.3d 526, 531 (6th Cir. 2005) (quoting *United States v. Jenkins*, 396 F.3d 751, 760 (6th Cir.2005)). "Probable cause is defined as reasonable grounds for belief, supported by less than prima facie proof but more than mere suspicion." *United States v. Bennett*, 905 F.2d 931, 934 (6th Cir. 1990). "When reviewing a magistrate's determination that probable cause existed for the issuance of a search warrant, [a court] must determine, under a totality of the circumstances, whether 'the magistrate had a substantial basis for concluding that a search would uncover evidence of wrongdoing.'" *United States v. Miggins*, 302 F.3d 384, 394 (6th Cir.2002) (quoting *United States v. King*, 227 F.3d 732, 739 (6th Cir.2000)). A magistrate judge's probable cause determination is afforded "great deference," and "should not be set aside unless arbitrarily

- 2 -

exercised." *United States v. Pelham*, 801 F.2d 875, 877 (6th Cir.1986) (citations and quotation marks omitted). A court's review of the sufficiency of the evidence supporting probable cause is "limited to examining the information contained within the four corners of the affidavit." *United States v. Dyer*, 580 F.3d 386, 390 (6th Cir.2009).

In *Franks v. Delaware*, 438 U.S. 154 (1978), the Supreme Court recognized a defendant's right to challenge the sufficiency of an executed warrant on the basis that "a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and . . . the allegedly false statement is necessary to the finding of probable cause." *Id*. at 155–56. *See also United States v. Atkin*, 107 F.3d 1213, 1216 (6th Cir. 1997). Discrepancies that might occasion inquiry into the validity of a warrant include not only affirmative statements but also the omission of information. *Mays v. City of Dayton*, 134 F.3d 809, 815 (6th Cir. 1998). "Allegations of material omission are held to a higher standard because of the potential for endless rounds of *Franks* hearings due to potentially endless conjecture about investigative leads, fragments of information, or other matter that might, if included, have redounded to defendant's benefit." *Fowler*, 535 F.3d at 415–16 (internal quotation marks omitted) (quoting *United States v. Martin*, 920 F.2d 393, 398 (6th Cir.1990)) (internal quotation marks omitted). Therefore,

> . . . in the case of alleged material omissions . . . the defendant is entitled to a hearing if and only if: (1) the defendant makes a substantial preliminary showing that the affiant engaged in deliberate falsehood or reckless disregard for the truth in omitting information from the affidavit, and (2) a finding of probable cause would not be supported by the affidavit if the omitted material were considered to be a part of it.

*United States v. Fowler*, 535 F.3d 408, 415 (6th Cir. 2008).

If the material false statements or omissions in an affidavit supporting a warrant are "necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be

held at the defendant's request." *United States v. Stewart*, 306 F.3d 295, 304 (6th Cir. 2002). To be entitled to a hearing, "[t]he defendant must specifically point to the disputed portions of the challenged affidavit, and must support these charges with an offer of proof. If the defendant meets this burden, the court must then reconsider the affidavit without the disputed portions and determine whether probable cause still exists." *Id*. (internal citations omitted). If probable cause does not exist, the court must hold a *Franks* evidentiary hearing. *Id*. If probable cause does exist, the defendant is not entitled to a hearing and his motion to suppress should be denied.

### III.

The burden Riggins must meet to be entitled to an evidentiary hearing is a high one. He does not meet that burden. Riggins makes no proffers in his motion. He only identifies discrepancies between the May 7, 2014 Warrant and the May 16, 2014 Warrant. But in his motion he concedes that the May 16, 2014 Warrant was the basis for the search executed on May 19, 2014 at Riggins's residence at 3166 Wadsworth in Saginaw, Michigan. He also concedes that the May 16, 2014 Warrant incorporates by reference the supporting factual assertions for the May 7, 2014 Warrant. He does not furnish any authority that suggests a warrant application cannot incorporate another warrant application by reference or that it was improperly done here. Thus, for purposes of the search executed on May 19, 2014 there was but one warrant, the May 16, 2014 Warrant. That warrant included the facts averred in the May 7, 2014 Warrant which it incorporated by reference and had attached. Nevertheless, Riggins attempts to challenge the substance of both warrants and the validity of the May 16, 2014 Warrant.

But, as explained, Riggins makes no additional proffers in support of his motion. Thus, he falls short of the requirements of *Franks*. At the motion hearing, Riggins's counsel made reference to two investigative reports produced around the time of the two warrants that, he

claims, would substantiate the claims in his motion to suppress. Those reports were not tendered to the Court with Riggins's motion, aside from one page of one of the reports.

That page is insufficient to merit a Franks hearing or suppression. The only thing the page demonstrates is that Todd Riggins appeared at the Buena Vista Register of Deeds and requested a deed for the property located at 2952 Burlington.

Riggins's argument is not entirely clear. Riggins appears to claim that Detective Klecker knew as early as April 24, 2014, from a Register of Deeds employee, that Todd Riggins requested the 2952 Burlington deed. This information is reflected in the following passage from the May 15, 2014 report:

> I received a call from MILDRED DODAK of the Register of Deeds on April 24, 2014 who advised that TODD RIGGINS came in and requested a copy of the Warrantee [sic] Deed to 2952 Burlington in Buena Vista.

Def.'s Mot. Suppress, Ex. C., ECF No. 33. Detective Klecker included similar information in the May 7, 2014 Warrant:

> On Mar [sic] 29, 2014, I went to the County Register of Deeds and obtained a list of properties associated with TODD RIGGINS. I spoke with three employees at the Register of Deeds. All were familiar with TODD RIGGINS and told me that he appears often to make inquiries on properties, to file Quit Claim Deeds, and/or accompany others in the filing of Deeds.

May 7, 2014 Warrant, Def.'s Mot. Suppress, Ex. B, ECF No. 33.

Riggins argues that when Detective Klecker swore out his affidavit in support of the May 16, 2014 Warrant, he represented that Defendant Riggins was present with Todd Riggins at the Register of Deeds office. The relevant portion states:

> Saginaw Prosecutor Fraud Investigator James Massey informed me May 16, 2014, that he has conferred with the Register of Deeds, Ms. Dodak, and that she told him on the morning of May 16, 2014 that she and several of her employees have frequently observed Todd Riggins at their office in the company of John B. Riggins Sr. [(Defendant)] filing various deeds for recording over the past two years.

- 5 -

May 16, 2014 Warrant, Def.'s Mot. Suppress, Ex. A, ECF No. 33. Riggins asserts that this is somehow a materially false statement or omission because Detective Klecker never referred to Defendant Riggins being present with Todd Riggins in any of his reports or in the May 7 Warrant.

But as is evident in the relevant excerpts above, Detective Klecker was never specifically told that Todd Riggins was coming to the Register of Deeds alone. Further, he was aware that Todd Riggins would accompany others to the Register of Deeds. Detective Klecker is not made aware of the fact that one of those "others" is Defendant Riggins until May 16, 2014. That is the same day he swears out the affidavit in support of the May 16, 2014 Warrant. There is no inconsistency, misstatement, or omission on these facts.

Riggins's motion will be denied.

## IV.

Accordingly, it is **ORDERED** that Defendant John B. Riggins's Motion to Suppress, ECF No. 33, is **DENIED**.

It is further **ORDERED** the Motion to Adjourn Trial, ECF No. 31, is **DENIED AS MOOT**.

Dated: March 25, 2016                     s/Thomas L. Ludington
                                          THOMAS L. LUDINGTON
                                          United States District Judge

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 25, 2016.

                          s/Michael A. Sian
                          MICHAEL A. SIAN, Case Manager

---